UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN E. MARTINEZ BAEZ, et al.
    Plaintiffs

                v.                            Civil No. 02-1503(SEC)

CESAR REY HERNANDEZ, et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket #97 Defendant Cesar Rey's Motion for Reconsideration Under Fed.R.Civ.P. 59(E)** | **DENIED.** Before the Court is Co-defendant Cesar Rey-Hernández's motion for reconsideration of the Court's Opinion and Order of June 14, 2005 (Docket # 92) denying the entry of summary judgment in his favor. Plaintiffs have opposed Co-defendant's request (Docket # 108). For the reasons set herein, Co-defendant Rey-Hernández's motion will be **DENIED**.<br><br>Under F.R.Civ.P. 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colón v. Fraticelli, 181 F. Supp. 2d 48, 50 (D.P.R. 2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). As such, Rule 59(e) "is aimed at reconsideration, [and] not initial consideration, and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not." Berríos-Berríos v. Puerto Rico, 205 F. Supp. 2d 1, 2 (D.P.R. 2002)(citing Jorge Rivera-Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)(internal quotations omitted)). Furthermore, "a motion for reconsideration may not be used by [a] losing party . . . to repeat old arguments previously considered and rejected by the Court." Id. (citing Standard Química de Venezuela, C.A. v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Nat'l Metal Finishing Com. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990) (internal quotations omitted)).<br><br>    In his motion for reconsideration, Co-defendant Rey-Hernández has raised the same two central themes of his motion for summary judgment. Namely, (1) his lack of personal involvement and (2) his entitlement to qualified immunity. As pointed out by Plaintiffs in their opposition, the Court already considered and rejected both arguments, finding that there were issues of material fact precluding the entry of summary judgment in his favor. Thus, Co-defendant's motion is tantamount to a second bite at the apple; therefore, it is **DENIED**. |

DATE:  August 4, 2005

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        U.S. Senior District Judge