# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JUAN E. MARTINEZ-BAEZ, et al
     Plaintiff

         **v.**                         **Civil No. 02-1503 (SEC)**

CESAR A. REY HERNANDEZ et al
     Defendants

## O R D E R

| MOTION | RULING |
|---|---|
| **Docket # 148 Plaintiffs' Motion in Limine** | **GRANTED.**  Plaintiffs request that the Court exclude several documents announced by Defendants in the Pretrial Memorandum as evidence. Plaintiffs argue that said documents –reports of special education complaints as to each of the Plaintiffs– should be excluded because these were not produced during discovery despite the fact that Plaintiffs requested production of all documents pertaining to audits and/or evaluations regarding Plaintiffs' work performance.  In his opposition, Co-defendant Rey (the remaining Co-defendants did not file an opposition nor did they move to join Co-defendant Rey's opposition) does not deny that the documents at issue were included in one of Plaintiffs' discovery request nor that they failed to provide said documents.  Counsel for Co-defendant Rey asserted that he has been unable to verify whether the documents were produced, and consequently, can neither confirm nor refute that they were.  What Co-defendant Rey can state to the Court is that some statistical information was provided during discovery; however, Plaintiffs had already made clear in their motion that the statistical information was provided.  Finally, Co-defendant Rey asserts that since the statistical information was provided to Plaintiffs, the latter can corroborate the information in the disputed documents, and, consequently, no prejudice will befall them by allowing the documents to enter into evidence.  Without any further explanation by Co-defendant Rey as to the nature and content of the disputed documents and their relationship to the statistical information, the Court is unable to reach the same conclusion as Co-defendant Rey with regards to the prejudice to Plaintiffs.  This is particularly so in light of the fact that Plaintiffs have asserted, and Defendants have not contested, that the documents, taken together, are a hundred pages long and that the statistical information provided during discovery is not included within the disputed documents.  Consequently, Plaintiffs' motion is **GRANTED** and items #16 through # 19 of Defendants' Proposed Documentary Evidence, as announced in the Pretrial Memorandum (Docket # 109, p.41-42) (the complaints of special education), are excluded. |

| MOTION | RULING |
|---|---|
| **Docket # 149 Defendants' Motion in Limine** | **GRANTED in part, DENIED in part.**  Defendants' motion in limine contains two requests, to wit, that the Court exclude: (1) documents provided by Plaintiffs after the discovery deadline; and (2) the testimony regarding damages beyond the one year [of contract].  Defendants' motion in limine also includes a lengthy discussion about the appropriateness of considering Plaintiffs' political affiliation in deciding whether or not to renew their contract. However, as Plaintiffs correctly point out, this latter argument is clearly misplaced in a motion in limine.<br><br>    As for Defendants' first request, that the Court exclude documents provided by Plaintiffs after the discovery deadline, it is **GRANTED**.  Just as Plaintiffs succeeded in excluding certain evidence because it was not produced during discovery, Defendants are entitled to the same treatment.  Plaintiffs proffer no excuse for not producing the documents before the deadline for discovery elapsed; instead, they merely posit that the documents were requested during a deposition and that the parties extended the discovery deadline by mutual agreement.  As to the first contention, the fact that the request for certain documents was made at a deposition does not preclude Plaintiffs from producing them within the discovery deadline nor eliminate their duty to produce them within that deadline.  Regarding the parties' agreement to extend the discovery deadline, the Court notes that the Case Management Order (Docket # 28) states that the parties cannot "extend discovery on their own by merely agreeing to do so".  Accordingly, any evidence produced after  9/30/2004 is hereby excluded.<br><br>    Finally, as to Defendants' second request, that the evidence regarding damages be limited to those corresponding to the 1 year contract, it is  **DENIED**.  We agree with Plaintiffs that the argument is underdeveloped and note that Defendants have not identified the purportedly offensive evidence by Plaintiffs.  The lack of proper argumentation with supporting legal authority, coupled with the lack of specificity in the request, dooms Defendants' motion. |
| **Docket # 151 Motion for Joinder** | **GRANTED.** |
| **Docket # 153 Motion for Leave to File Document** | **GRANTED.**  Co-defendant Rey's opposition to Plaintiffs' motion in limine was taken into account in ruling on the aforementioned motion. |

DATE:   August 18, 2006

                                S/ Salvador E. Casellas
                                SALVADOR E. CASELLAS
                                U.S. Senior District Judge